IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

COLUMBIA GAS TRANSMISSION, LLC

    Plaintiff,

v.                                              Civil Action No.  2:17cv483

GROVE AVENUE DEVELOPERS INC.,

    Serve:
    Jerry L. Bowman, Registered Agent
    130 W. Plume Street
    Norfolk, Virginia 23510

    Defendant.

## COMPLAINT

Columbia Gas Transmission, LLC ("Columbia"), by counsel, in support of its Complaint for declaratory and injunctive relief against Defendant, Grove Avenue Developers Inc. ("Grove"), states as follows.

1. This is an action for injunctive relief, including entry of a preliminary injunction order and final injunction order, to enjoin Grove from excavating, operating heavy machinery, and/or paving over any portion of Columbia's right of way, and to enjoin Grove from otherwise interfering with Columbia's safe operation and maintenance of a high pressure natural gas pipeline located in Columbia's right of way through certain real property in the City of Suffolk, Virginia.

2. Grove intends to engage in construction activities that will substantially interfere with Columbia's rights to maintain and operate the right of way and the high-pressure natural gas transmission pipelines located within that right of way. Grove's

construction activity will threaten Columbia's ability to safely operate and maintain its pipelines, threaten Columbia's ability to comply with its duty to provide natural gas service to its customers, and otherwise violate Columbia's rights.

3. For Columbia to safely operate and maintain its high pressure natural gas transmission pipelines, Grove must be enjoined from engaging in the proposed construction activities on Columbia's right of way in violation of the Right of Way Agreement at issue in this case.

## PARTIES

4. Columbia is a Delaware limited liability company, which has as its sole member Columbia Pipeline Group Operating Company LP ("OpCo"), a Delaware LP, with its principal place of business in Texas. OpCo has one general partner and three limited partners. All of OpCo's limited partners, its general partner and all entities related to OpCo's General Partner and Limited Partners are citizens of Delaware and Texas for diversity purposes.

5. Columbia maintains and operates approximately 15,000 miles of natural gas transmission pipeline throughout the country, including hundreds of miles of pipeline in Virginia.

6. Defendant Grove is a Virginia corporation with offices in Norfolk, Virginia and it owns certain land in the City of Suffolk, Virginia (the "Property") under the deed attached hereto as **Exhibit 1** (the "Deed"). The Property and Columbia's easement thereon is the subject of this matter.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

8. Pursuant to Local Rule 3(B)(3), venue is proper in this Court because the matters at issue concern real property located in the City of Suffolk, Virginia.

## FACTS

9. Columbia is engaged in the transmission and delivery of natural gas ultimately used by residential and commercial consumers in Virginia and other states.

10. In 1950, Commonwealth Natural Gas Corporation ("Commonwealth") acquired a right of way (the "Easement") through the Property for the installation, operation and maintenance of one or more pipelines under a certain right of way agreement (the "Right of Way Agreement"). The grantor under the Right of Way Agreement was Victoria Rountree. A true and accurate copy of the Right of Way Agreement is attached as **Exhibit 2**.

11. The Right of Way Agreement was amended by an agreement dated November 16, 1964, entered between Commonwealth and the then-owner of the Property, Rountree Dairy, Incorporated (the "Modification Agreement"). A true and accurate copy of the Modification Agreement is attached as **Exhibit 3**.

12. The Modification Agreement incorporates by reference a plat that was prepared to clarify the width and location of the easement created under the Right of Way

Agreement (the "Plat"). The Modification Agreement and the Plat clarify that the Easement is 80 feet wide. A true and accurate copy of the Plat is attached as **Exhibit 4**.

13. Columbia is the successor in interest to Commonwealth, the grantee under the Right of Way Agreement and the Modification Agreement (collectively, the "ROW Agreements").

14. Grove is the successor in interest to Victoria Rountree and Rountree Dairy, Incorporated, the grantors under the ROW Agreements.

15. As permitted under the ROW Agreements, Columbia maintains and operates two high pressure natural gas transmission pipelines in the Easement through the Property, which are referred to as VM-107 and VM-108 (the "Pipelines"). The Pipelines are a substantial source for the delivery of natural gas to the Tidewater area of Virginia.

16. The grant of the Easement under the Right of Way Agreement includes the right of the grantee to safely "lay, maintain, operate and remove a pipe line, or pipe lines, for the transportation of gas, oil, petroleum products, or any other liquids, gases or substances which can be transported through a pipe line, through [the Property]." Ex. 2.

17. Under the Right of Way Agreement, the rights of the grantor to "use and enjoy the premises [is] subject to the rights of [Columbia] to maintain and operate" the Pipelines. *Id.*

18. Under the Deed, Grove acquired the Property "subject to the reservations, encumbrances, covenants, conditions, restrictions, and easements, if any, duly of record…" including the Easement created under the ROW Agreements, which ROW Agreements were recorded in the land records. *See* Ex. 1; *see also* Exs. 2 - 4.

19. Grove intends to engage in certain construction activities, including the construction of a paved road crossing and installation of utilities and/or other facilities within Columbia's Easement over, under and/or around the Pipelines. Grove also intends to engage in certain excavation, operation of heavy machinery, and other construction activities within the Easement and over and under the Pipelines (collectively, the "Construction Activities").

20. Upon information and belief, Grove's intended use for the road crossing is to serve as an entrance to part of a planned residential subdivision.

21. Grove's intended Construction Activities within the Easement and the addition of pavement and increased traffic over the Easement would substantially interfere with Columbia's ability to inspect, monitor, test and safely maintain and operate the Pipelines in accordance with federal regulations and industry practices.

22. Grove's intended Construction Activities within the Easement and the addition of pavement and increased traffic over the Easement would encroach on Columbia's rights under the ROW Agreements.

23. Grove's intended Construction Activities within the Easement and the addition of pavement and increased traffic over the Easement increase the risk of harm to persons and/or property.

24. Grove's intended Construction Activities within the Easement and the addition of pavement and increased traffic over the Easement increase the risk of interruption of Columbia's natural gas service to its customers and the ultimate end users, who are residential and commercial users of natural gas in the Tidewater area of Virginia.

## COUNT I – INJUNCTIVE RELIEF PROHIBITING CONSTRUCTION ACTIVITIES WITHIN THE EASEMENT ON THE PROPERTY

25. The preceding paragraphs are incorporated by reference.

26. Grove's intended Construction Activities within the Easement and the addition of pavement and increased traffic over the Easement will cause irreparable harm to Columbia's lawful operation of the Pipelines in its Easement.

27. Columbia has no adequate remedy at law.

28. Grove will not suffer irreparable harm from the injunctive relief requested.

29. It is in the public interest to enjoin Grove from engaging in the proposed Construction Activities.

## COUNT II – DECLARATORY RELIEF

30. The preceding paragraphs are incorporated by reference.

31. There is a justiciable controversy and dispute between Columbia and Grove regarding Columbia's rights under the ROW Agreements.

32. It is Columbia's position that, under the ROW Agreements, Grove's rights to use the portion of the Property in the Easement are made subject to the rights of Columbia to maintain and operate the Pipelines.

33. Further, it is Columbia's position that Grove's proposed Construction Activities, if allowed, would substantially interfere with Columbia's rights under the ROW Agreements by, among other things, interfering with Columbia's safe maintenance, operation of the Pipelines, including inspection of and access to the Pipelines.

34. On this basis, it is Columbia's position that under the ROW Agreements, Grove is prohibited from engaging in the proposed Construction Activities.

35. Conversely, it is Grove's position that under the ROW Agreements, Grove is permitted to proceed with the proposed Construction Activities in the Easement and over the Pipelines.

WHEREFORE, Columbia Gas Transmission, LLC respectfully requests that this Court: (a) enter a Preliminary Injunction Order prohibiting Grove and others who receive actual notice of the injunction from engaging in construction activities in the Easement, including, without limitation, any excavation, installation utilities and/or the application of pavement pending further Order of this Court, as well as from operating construction related equipment over the Easement and/or on the Pipelines; (b) issue a Declaratory Judgment that Grove's proposed Construction Activities interfere with Columbia's rights under the ROW Agreements by, among other things, interfering with Columbia's safe maintenance, operation of, and access to the Pipelines; (c) enter an Order permanently enjoining Grove from engaging in the proposed Construction Activities and operating heavy equipment over the Pipelines; (d) order all costs of this action to be paid by Grove; and (e) grant such further relief to Columbia as the Court deems appropriate.

Respectfully submitted,

COLUMBIA GAS TRANSMISSION, LLC

By Counsel

/s/ Alison R. W. Toepp
Travis A. Sabalewski (VSB No. 47368)
Alison R. W. Toepp (VSB No. 75564)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4069
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
tsabalewski@reedsmith.com
atoepp@reedsmith.com

*Counsel for Columbia Gas Transmission, LLC*